**Reverse and Remand. Opinion Filed November 5, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00406-CR

**THE STATE OF TEXAS, Appellant**
**V.**
**WILLIAM FULLER, Appellee**

**On Appeal from the County Criminal Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. MA 16-16913-G**

## MEMORANDUM OPINION
Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Stoddart

The State of Texas charged William Fuller with assault. Following a hearing, the trial court issued an order granting a motion to suppress, stating: "a probable cause hearing to determine the identity of the person who committed the assault was had. Because the evidence shows that the defendant only encouraged and solicited others to commit the assault and did not commit the assault himself, no probable cause existed to arrest him for assault. The motion to suppress is granted based on lack of probable cause." In a single issue, the State asserts the trial court erred by granting the motion to suppress. We agree. We reverse the trial court's order and remand the case to the trial court for further proceedings.

On March 22, 2018, the trial court conducted a hearing. At the outset, the court announced the purpose of the hearing was "to discuss the matter of an identity." Appellee confirmed the

"scope of the ID hearing is just whether or not the defendant is the actual person that committed the offense that he's being accused of today." The court instructed the State to call its first witness, which it did.[1] Testimony showed on October 1, 2016, Maria Sanchez was at a DART station and asked appellee, a DART employee, which bus would take her to her destination. Appellee told her he did not know and she needed to make that determination. Sanchez left, but subsequently returned to appellee and told him he did not need to be rude or disrespectful. An argument ensued and appellee yelled at Sanchez.

Thomas Johnson, the complainant, intervened and told appellee not to talk to Sanchez in that manner. Appellee and Johnson began arguing and Sanchez called 911. Appellee yelled that he would pay someone $25 to assault Johnson. At least one person chased Johnson and assaulted him behind the bus. Sanchez did not see appellee strike Johnson, but identified appellee in court as the man who solicited someone to assault Johnson. DART Police Sergeant Jorge Ruiz responded to Sanchez's call and identified appellee as the bus operator about whom Sanchez complained.

The record shows an arrest warrant was issued for appellee on October 7, 2016, and executed on December 5, 2016.

After the State presented two witnesses at the hearing, both sides rested. Appellee argued the evidence shows he did not commit the assault. The trial court asked the State what it charged in the information, which was read into the record. The information charged appellee with "intentionally and knowingly and recklessly caus[ing] bodily injury to another, namely: Thomas Johnson, hereinafter called complainant, by striking complainant with a hand." The trial court asked why appellee was charged with assault if Sanchez testified appellee did not strike Johnson.

---

[1] Following the hearing, the trial court entered findings of fact and conclusions of law. To the extent those findings are supported by the record, we rely on them here in reviewing the trial court's order.

The State informed the court that the case involved "accomplice liability," and the trial court noted the State did not make that allegation in the information.

The trial court then asked appellee: "Well, I don't know if I'm understanding the defense correctly. Is the defense asking me to suppress the arrest due to lack of probable cause for the arrest?" Appellee answered affirmatively. When the State noted that no motion to suppress was filed and the hearing did not begin as a suppression hearing, the court responded: "he [appellee's counsel] just asked." The trial court granted the motion to suppress the arrest because the information did not allege party liability. The court stated it was suppressing the "arrest, everything." The trial court subsequently entered a written order as well as findings of fact and conclusions of law. This appeal followed.

The record is unclear about what type of hearing the trial court held. However, because the trial court announced it was granting a motion to suppress, titled its order as ruling on a motion to suppress, and the parties briefed the issue before us as a suppression issue, we too will address the trial court's hearing and order as a suppression issue.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for an abuse of discretion, but review the trial court's application of the law to the facts de novo. *Id.* We give almost total deference to the trial court's determination of historical facts. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We give the same deference to the trial court's conclusions with respect to mixed questions of law and fact that turn on credibility or demeanor. *See State v. Woodard*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011). We review mixed questions of law and fact that do not turn on credibility and demeanor as well as purely legal questions de novo. *Id.*

When, as here, the trial court makes explicit findings of fact, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports the fact findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). If the trial court fails to make explicit findings, we imply a fact finding to support the trial court's ruling when the evidence supports the implied finding. *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007). We afford the prevailing party the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence. *State v. Duran*, 396 S.W.3d 563, 571 (Tex. Crim. App. 2013). We will uphold the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014).

"For an arrest to be justified under the Fourth Amendment, a police officer must have probable cause to believe that the suspect has committed or is committing an offense. *State v. Ford*, 537 S.W.3d 19, 23 (Tex. Crim. App. 2017) (internal quotation marks omitted); *see also Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997) (probable cause exists when a police officer has "reasonably trustworthy information sufficient to warrant a reasonable person to believe a particular person has committed or is committing an offense.").

The trial court stated at the hearing that it was granting the motion to suppress the "arrest, everything," but its written order does not specify what evidence is being suppressed. The suppression hearing focused solely on the events of October 22, 2016, the date of the assault, and there was no testimony concerning any evidence collected after that day, including after appellee was arrested. No evidence was offered about the arrest itself. Accordingly, the only evidence the trial court suppressed based on this record relate to the assault. *See State v. Yates*, No. 05-15-00507-CR, 2016 WL 230351, at \*4 (Tex. App.—Dallas Jan. 19, 2016, no pet.) (mem. op., not designated for publication). Further, based on the issues raised below, the trial court's order

–4–

granting the motion to suppress, and its findings of fact and conclusions of law, it appears the trial court suppressed evidence of the assault on the basis that testimony showed appellee did not personally hit Johnson, the person who did strike Johnson was not identified, and the State did not charge appellee as a party.

A person may be convicted as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both. TEX. PENAL CODE ANN. § 7.01(a). Under section 7.02(a), a person is criminally responsible as a party if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(2). The law of parties, as stated in section 7.02 may be applied to a case even though no such allegation is contained in the indictment. *Id.* § 7.01(c); *Montoya v. State*, 810 S.W.2d 160, 165 (Tex. Crim. App. 1989); *Rayo v. State*, No. 05-1600895-CR, 2017 WL 3097659, at *3 (Tex. App.—Dallas July 21, 2017, no pet.) (mem. op., not designated for publication). "It is well-settled that the law of parties need not be pled in the indictment." *Marable v. State*, 85 S.W.3d 287 (Tex. Crim. App. 2002). Giving almost total deference to the trial court's determination of historical facts, we conclude the court erred by granting a motion to suppress on the basis the State did not charge party liability in the information. Because the State was not required to charge the law of parties in the information, failure to do so is not a legal ground to suppress appellee's arrest or evidence of the assault.[2]

A person commits assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PEN. CODE ANN. § 22.01(a)(1). The trial court's written findings state appellee "called out he would pay $25 to anyone who would assault" Johnson. A man then chased Johnson around the bus and assaulted him. Applying section 22.01(a)(1) and the law of parties, at the time

---

[2] In reaching this conclusion, we do not conclude that a motion to suppress is a proper vehicle for challenging the sufficiency of an information. Our conclusion here is necessitated by the unusual procedural facts of this case wherein a trial court made such a determination during a hearing that began as a hearing to "discuss the matter of an identity" and became a motion to suppress proceeding after which the trial court determined the charging instrument was deficient.

appellee was arrested, the reasonably trustworthy facts would have warranted a reasonable person believing appellee committed an offense. *See Guzman*, 955 S.W.2d at 87. Thus probable cause existed for the arrest. We conclude the trial court erred by granting a motion to suppress. We make no determination about whether such motion was timely or whether the trial court's order finding there was no probable cause for an arrest would have suppressed evidence of events that occurred nearly two months earlier. Because we conclude the order was in error, we need not address these issues. TEX. R. APP. P. 47.1. We sustain the State's issue and reverse the trial court's order. We remand this cause to the trial court for further proceedings.

/Craig Stoddart/

CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180406F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-18-00406-CR      V.

WILLIAM FULLER, Appellee

On Appeal from the County Criminal Court No. 6, Dallas County, Texas
Trial Court Cause No. MA 16-16913-G.
Opinion delivered by Justice Stoddart. Justices Whitehill and Boatright participating.

Based on the Court's opinion of this date, the trial court's order granting a motion to suppress is **REVERSED** and the cause **REMANDED** for further proceedings.

Judgment entered this 5ᵗʰ day of November, 2018.